I. B. MILLER CONTRACTING CORP., Respondent, *v.* THE CARLETON COMPANY, Appellant.

First Department, June 16, 1939.

*Frederick N. Van Zandt* of counsel [*Sylvanus D. Ward* with him on the brief; *Arthur J. Carleton,* attorney], for the appellant.

*Louis Rosenberg* of counsel [*Herbert M. Rosenberg* and *Irwin H. Rosenberg* with him on the brief; *Rosenberg & Rosenberg,* attorneys], for the respondent.

TOWNLEY, J. This action was brought to recover for alleged extra work done by the plaintiff. Plaintiff was a subcontractor for the defendant contractor. The work sued for was done in part performance of the erection of a building for the United States government called The Harlem-Macombs Place Housing Project. The subcontract called for the payment by the contractor of $55,000 for certain piling. The piles were to be driven to firm rock as specified on the drawings. It was provided, " If obstructions are encountered in the driving of the tubes, such condition shall immediately be reported to the Contracting Officer. Obstructions above the elevation 0′ 0″ shall be removed by ordinary excavation. Below this depth, the contractor shall continue driving as far as

practicable without damaging the shell and shall attempt such other expedients as the Contracting Officer shall direct. If the obstruction be sufficient to preclude the driving of the pile to rock, the Contracting Officer will order additional pile or piles driven, or direct such other work as he may order to remedy the condition. Provided, in the opinion of the Contracting Officer, the contractor has made every reasonable effort to install the tubes as shown, the contractor will be paid for this extra work in accordance with the following arrangement."

The claim for $2,779.92, litigated herein, was made by plaintiff for additional work and materials in driving piles through obstructing material encountered *below the elevation 0' 0"* and in removing such obstructing material from the piles after they were driven to solid rock. The claim was submitted to government authorities for payment in accordance with the terms of article 15 of the contract. This reads in part as follows: " all other disputes concerning questions arising under this contract shall be decided by the Contracting Officer or his duly authorized representative, subject to written appeal by the Contractor within 30 days to the head of the department concerned or his duly authorized representative, whose decision shall be final and conclusive upon the parties thereto as to such questions. In the meantime the Contractor shall diligently proceed with the work as directed." The claim was rejected on the ground that the particular obstacles met were normal and were included in the contract price.

This decision is final in the absence of fraud and bad faith, and none was shown. The only support offered by plaintiff for its claim was an order in writing, dated April 20, 1936, signed by one Foster on behalf of the defendant, reading as follows: " Proceed with the removal of the obstructions to piles as directed. The time on this operation shall be kept separate from other operations and reported daily to our timekeeper on site."

It was provided in the contract that the contractor on its written order might make alterations but " such order shall be valid only when signed by an officer of the Contractor. No order of the Superintendent or other employee of the Contractor shall bind the Contractor to any addition to the contract price or deductions therefrom."

Assuming that the document signed by Foster is an order which entitled plaintiff to extra money as a voluntary modification of the contract by the contractor's duly authorized representative, nevertheless the order is of no significance in this action. On April 20, 1936, a rubble stone wall foundation was exposed which had to be removed. At the time this order was given not a single

pile had been driven and the only obstruction encountered was this rubble stone wall, which was *above* the elevation 0' 0". Of course, by the terms of the contract the removal of this obstruction was to be paid for. The order, however, has no application to the claim in suit. The record fails to show any order for the removal of obstructions below 0' 0".

The claim of oral modification of the contract is likewise without merit. The contract in suit was under seal and could not be altered by verbal agreement. (*Cammack* v. *Slattery & Bro., Inc.*, 241 N. Y. 39.) Moreover, the alleged oral conversations, even if properly admitted, relate entirely to conditions as they existed at the time that the written order was given and have no reference to the claim which is involved here.

Two main questions of fact were left to the jury: (1) Whether the agreement between plaintiff and defendant was altered in respect to obstructions encountered below 0' 0" by a modification which complied with the contract terms governing modifications; and (2) whether the plaintiff had submitted the issue arising from its claim to the government authorities in accordance with the contract and had, therefore, litigated the issue once for all. The jury found in favor of the plaintiff. On review we find that there is no evidence in support of any modification in respect to the claim in suit and that the evidence is indisputable that the claim was fully heard and disposed of by submission to the government authorities.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., O'MALLEY, UNTERMYER and DORE, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.